```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------x
BELLA AURORA MONTENEG
ORTEGA and KELLY STEPHANIE
ROJAS MONTENEGRO,

                Plaintiffs,
                                              MEMORANDUM AND ORDER
        -against-                             12-CV-05421 (FB) (RLM)

HECTOR BURGOS and ROBERT
BURGOS,

                Defendants.
----------------------------------------------------x
```

*Appearances*
*For the Plaintiffs:*                         *For the Defendants:*
JOSE RAUL ALCANTAR VILLAGRAN, ESQ.            CHARLES ZOLOT, ESQ.
Alcantar Law PLLC                             37-06 82nd St
22 Cortlandt St, 16th Floor                   Jackson Heights, NY 11372
New York, NY 10007

**BLOCK, Senior District Judge:**

Bella Aurora Monteneg Ortega ("Ortega") and her daughter, Kelly Stephanie Rojas Montenegro ("Montenegro") bring claims of fraud, conversion, and intentional infliction of emotional distress ("IIED") under New York law against Hector Burgos ("Hector") and his son, Robert Burgos ("Robert" and collectively the "Burgoses"). Defendants move to dismiss all claims. For the reasons stated below, their motion is denied for the fraud claim and granted for the conversion and IIED claims.

**I**

For purposes of this motion, the Court must take as true all of the allegations of

plaintiffs' complaint, and must draw all inferences in their favor. *See Weixel v. Bd. of Educ.*, 287 F. 3d 138, 145 (2d Cir. 2002). The Court may also consider "documents attached to the complaint as an exhibit or incorporated in it by reference," "matters of which judicial notice may be taken, or . . . documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993).

Ortega and Hector created an Ecuadorian company — Produsa Ecuador — that exports food to the United States under the trade name "La Cholita." Ortega alleges that in 2008, the Burgoses obtained her consent to sell the "La Cholita" trademark rights to a third party, Iberia Foods ("Iberia"), in exchange for a 10-year supply agreement between Produsa Ecuador and Iberia, but that no supply agreement ever materialized.

The fraud claim survives a motion to dismiss because the Amended Complaint clearly sets forth allegations of the elements of a cause of action for fraud, and provides the particularity required under the N.Y. CPLR § 3016(b). *See Eurycleia Partners, LP v. Seward & Kissel, LLP,* 12 N.Y.3d 553, 559 (2009) (reciting the requirements of "a material misrepresentation of a fact, knowledge of its falsity, an intent to induce reliance, justifiable reliance by the plaintiff and damages"). Moreover, "the purpose underlying the statute is to inform a defendant of the complained-of incidents," and the Amended Complaint notifies the Burgoses that the events surrounding the trademark sale to Iberia are the basis of Ortega's claim. *Id.* The motion to stay the claim is also denied. The allegations allege fraud under New York law, based on actions initiated in New York and performed by New York residents.

The conversion and IIED claims, however, must be dismissed. Not only has this Court been unable to find any authority that recognizes trademark conversion, the leading treatise on trademark law states that, "[e]very court to consider such a claim has rejected it." MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 25:9.50 (4th ed. 2014). As for IIED, "[c]ommencement of litigation, even if alleged to be for the purpose of harassment and intimidation, is insufficient to support such a claim." *Walentas v. Jones,* 683 N.Y.S.2d 56, 58 (1st Dep't 1999) (citing *Fischer v. Maloney,* 43 N.Y.2d 553 (1978), and collecting cases).

### III

For the foregoing reasons, defendants' motion to dismiss or stay the fraud claim is denied; their motion is granted for the remaining claims.

**SO ORDERED**

/S/ Frederic Block
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
May 22, 2014